MRS. LYDE MCDONALD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9336. Promulgated January 16, 1928.

*D. W. Robinson, Jr., Esq.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

PHILLIPS: This proceeding arises out of the determination by the Commissioner of deficiencies of $6,294.39 in income tax for 1922 and was submitted upon a stipulation of facts which has become a part of the record. Without reciting the stipulation here at length, we set out below what we regard as the principal facts upon which our decision must rest.

In March, 1922, the petitioner recovered a judgment of $40,000 in an action by her against R. S. DesPortes for damages for breach of promise to marry. This judgment was paid to her attorney in 1922. He retained $10,000 as his agreed fee and paid over $30,000 to petitioner. The Commissioner has included said $40,000 as income to the petitioner. She claims that no part of such amount is income or, in the alternative, that error was committed in refusing to make allowance for the amount paid to her attorney and for the March 1, 1913, value of the contract to marry, the contract having been made prior to that date. In the view we take, it is unnecessary to consider the alternative assignments of error.

The Judge presiding in the action in which the verdict was recovered charged the jury with respect to damages, and the measure thereof, as follows:

I charge you that if you should find that the defendant is liable then the plaintiff would be entitled to:

First, actual damages, that is compensatory damages, such damages as would be the natural and ordinary consequence of the breach of the contract, such damages as would have been in contemplation of the parties at the time the contract was made, and that the plaintiff suffered as a direct and natural cause of that breach.

In estimating the damages, if the jury find the plaintiff had a contract of marriage with the defendant and that the same had been breached by defendant as alleged by the plaintiff, the jury should endeavor to give such damages as would compensate the plaintiff for the actual injury and wrong which she has suffered at the hands of the defendant.

In estimating the damages, the jury is entitled to take into consideration mortification and pain or distress of mind, if there was such; loss of social standing, if there was such; injury to future prospects of marriage, if there was such; loss of benefits which the injured party might have derived from the union including loss of station to which the marriage would have advanced plaintiff, and loss of a permanent home and worldly advantages, if the jury finds there was such loss of any or all of the elements; length of time the marriage engagement lasted, if there was such, and give to the plaintiff, if she is entitled to damages, such sum as will compensate her for any and all damages and injuries which she may have suffered as the direct and proximate consequence of the breach of the contract.

I charge you that if you should decide that the plaintiff is entitled to damages you may consider such loss as she has sustained by reason of the fact that the defendant has breached the contract, and in this connection you may consider whether or not she has lost provision of a home and how far the defendant has already provided her with a home and what income if any she has and what pecuniary damages, if any, she has suffered by the breach.

In considering the question of damages you may consider what acts the defendant may have done in connection with the promise of marriage, or what acts the plaintiff may have done, and I charge you that you may consider any other matter connected with the case, under the testimony and under the law as I give it to you.

The general character of the defendant must be taken into consideration in estimating the damages—I will change the word "must" to "may" be taken into consideration—the general character of the plaintiff may be taken into consideration in estimating her damages. The jury might justly and with good sense find that the mental suffering or loss of character of a licentious or bad woman was less than that of a virtuous and good woman. The general character of the plaintiff was therefore a subject of proof on the part of the parties and consideration on the part of the jury.

It is for you to say in this case what mental suffering, if any, or loss of character, if any, the plaintiff sustained, and what damages should be awarded plaintiff, if any, on account of these alleged acts.

The jury should take into consideration, as I stated, what her suffering was, injury to her health, if any, and you might take into consideration, as I stated, her character, and the whole surroundings, in estimating, under the testimony, what she has suffered, if you should find that she is entitled to recover.

Upon the basis of this charge the jury rendered a verdict of $40,000, which the court later refused to set aside.

When we consider the elements which entered into the damages awarded and those decisions of the Supreme Court in which it has been called upon to determine what is and what is not taxable income under the various acts, it seems clear that the amount awarded this petitioner was not taxable as income to her. The decisions to which we have reference and the principles to be considered are set forth in the opinion adopted by the Board in *Hawkins* v. *Commissioner*, 6 B. T. A. 1023, and we are content to rest our decision in this proceeding upon the discussion in that case.

*Judgment will be entered for the petitioner.*